IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL-HADI MUHAMMAD AL-SIBA'I, by and through his next friend, ABDULLAH MUHAMMAD AL-SIBA'I,[1]<br><br>          Petitioners,<br><br>  v.<br><br>GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER,<br><br>          Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:05 CV 01667 (RBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR AN ORDER TO SHOW CAUSE**

Petitioner Abdul-Hadi Muhammad Al-Siba'i ("Petitioner"), together with his Next Friend Abdullah Muhammad Al-Siba'i, by their counsel, request this Court to issue an order to require Respondents to file and serve a factual return within 30 days or on a date certain within a reasonable time after the order's entry. Your Honor required a factual return as a condition of a stay in *Battayav v. Bush*, No. 05-0714 (May 14, 2005) and eight other Judges of this District have already ordered the same relief in at least 25 other cases involving Guantánamo detainees.

---

[1] Petitioners' names were previously misspelled "Abdalhadi M. Al-Sopai" and "Abdullah M. Al-Sopai," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed a motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

**STATEMENT OF FACTS**

Petitioner Al-Siba'i is a Saudi citizen. On information and belief, he is presently incarcerated at Guantánamo and has been held virtually *incommunicado* in Respondents' custody and control for approximately four years.

On August 22, 2005, Petitioner, by his attorneys, filed a Petition for Writ of *Habeas Corpus* (the "Petition") in this Court. The Petition contests both the fact of Mr. Al-Sibai's incarceration as well as his inhumane treatment, which violate the constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition.

To date, Respondents have not filed or served a factual return. Respondents have filed, as they have done in other Guantánamo detainee cases, a motion to stay this case pending the resolution of certain legal issues by the Court of Appeals for the District of Columbia.[2] In the meantime, however, Petitioner is at least entitled to a factual return.

**ARGUMENT**

Under similar situations in other Guantánamo detainee cases, nine Judges of this District, including Your Honor, have required respondents to provide factual returns despite the issuance of stay orders in at least 26 cases. In *Battayav*, Your Honor granted a stay, but ordered factual returns, rejecting respondents' arguments that providing factual returns during the pendency of the relevant appeals was "extremely burdensome" and made "no sense." Similarly on August 22, 2005, Judge Urbina granted respondents' motion for a stay, but ordered Respondents to show cause why the writ should not be granted. *Hatim v. Bush*, No. 05-1429 (Aug. 22, 2005). In so doing, Judge Urbina explicitly rejected respondents' arguments that a factual return was not

---

[2] The cases pending on appeals are *In re Guantánamo Bay Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush, Boumediene v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005).

2

necessary because of the pending appeals, and that requiring respondents to provide factual returns was burdensome:

> The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients . . . Finally, the government's generic references to the expenditure of its resources and "logistical burden" does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

*Id.* at 3 (internal citation omitted).

A similar result has been ordered by seven other Judges in at least 24 other Guantánamo detainee cases. In *Al-Shabany v. Bush*, No. 05-2029 (Nov. 17, 2005), Judge Bates granted a stay, but ordered a factual return. In *Zaid v. Bush*, No. 05-1646 (Oct. 25, 2005) and *Al-Anazi v. Bush*, No. 05-345, 370 F. Supp. 2d 188, 199-200 (D.D.C. Apr. 21, 2005), Judge Bates also granted a stay, but ordered a factual return, finding it "necessary" because "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." Here, Petitioner's counsel are preparing for interviews with their client, and the factual return will assist counsel in those communications.

In *Sadkhan v. Bush*, No. 05-1487 (Nov. 4, 2005), Judge Collyer granted respondents' motion for a stay pending related appeals, but ordered respondents to submit factual returns no later than January 3, 2006. In *Mokit v. Bush*, No. 05-621 (June 16, 2005) and *Al-Wazan v. Bush,* No. 05-0329 (June 14, 2005), Judge Friedman granted stays, but ordered factual returns. In *Mamet v. Bush,* No. 05-1602 (Sept. 30, 2005), *Ameziane v. Bush*, No. 05-0392, 2005 U.S. Dist. LEXIS 6560, at *5 (D.D.C. Apr. 12, 2005), and *M.C. v. Bush*, No. 05-0430 (Apr. 13, 2005),

3

Judge Huvelle granted respondents a stay but held, "to ensure that the proceedings can continue in an orderly fashion in the event the detainees prevail on appeal, respondents are ordered to provide factual returns . . . within ninety days of the date of this Order."  In *Al-Mohammed v. Bush*, No. 05-00247 (Apr. 30, 2005), Judge Kennedy granted a stay, but ordered factual returns, holding that counsel for petitioners "must have access to them in order to develop a meaningful understanding" of the basic facts and to "prepare for consultation with their clients."  In *Al-Adahi v. Bush*, No. 05-280 (Apr. 29, 2005), *Al Joudi v. Bush,* No. 05-301 (Apr. 29, 2005) and *Alhami v. Bush*, 05-359 (June 9, 2005), Judge Kessler ordered factual returns despite granting respondents' motion for a stay, "to ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules."  In *Ahmed v. Bush*, No. 05-665, 2005 U.S. Dist. LEXIS 14024, at *5 (D.D.C. July 8, 2005), *Adem v. Bush*, No. 05-723 (June 6, 2005), *Al Daini v. Bush*, No. 05-634 (June 6, 2005), and *El-Banna v. Bush*, No. 05-1144, *Abdullah v. Bush*, No. 05-23, and *Al Rashaidan v. Bush*, No. 05-586 (Apr. 8, 2005), Judge Richard Roberts granted respondents' motions for stay but ordered factual returns within 30 days after entry of the relevant protective orders.  In *Slahi v. Bush*, No. 05-881 and *Chaman v. Bush*, 05-887 (June 16, 2005), Judge Richard Roberts also granted stays, but ordered factual returns by July 15, 2005.  In *Bin Amir v. Bush*, No. 05-1724 (Oct. 5, 2005), *Al-Hela v. Bush*, No. 05-1048 (June 9, 2005) and *Qayed v. Bush*, No. 05-0454 (Apr. 19, 2005), Judge Urbina also granted a stay, but ordered factual returns.

To the best of our knowledge, only three Judges of this Court have declined immediate factual returns during the pendency of a stay.  In *Al-Badah v. Bush*, No. 05-1641 (Oct. 19, 2005) and *Imran v. Bush*, No. 05-0764 (Apr. 25, 2005), Judge Kollar-Kotelly granted a stay and ordered a factual return within 30 days of the ruling on the relevant appeals.  In *Attash v. Bush*,

4

No. 05-1592 (Sept. 1, 2005), Judge Lamberth ordered a stay and also stayed the respondents' obligation to show cause. In *Sliti v. Bush*, No. 05-0429 (Apr. 7, 2005), Judge Leon ordered a stay and stayed the respondents' obligation to show cause.

Here Petitioner is entitled to a factual return. Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Further, Respondents have agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld,* No. 03-6696, 542 U.S. 507, 124 S.Ct. 2633, 2644 (2004). Accordingly, Petitioner respectfully requests that this Court condition the stay order on Respondents' producing a factual return within 30 days or within a time as this Court deems reasonable.

Pursuant to 28 U.S.C § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." The Petitioners request that the order to show cause be returnable within 30 days or a reasonable time. The original petition was filed, and served on the United States Attorney by hand, pursuant to Fed. R. Civ. P. 4(i)(1)(A), on the same date that the Petition was physically filed, August 22, 2005. Service also was effected the same day through certified mail, pursuant to Fed. R. Civ. P. 4(i)(1)(B), on the United States Attorney General. Finally, Trial Attorney Andrew I. Warden of the Federal Programs Branch of the United States Department of Justice's Civil Division, who is coordinating all of the parallel Guantánamo Bay cases for the Respondents, was also sent

5

an electronic PDF copy of the Petition on August 22, 2005. Each Defendant was also individually served by U.S. certified mail.

On information and belief, Respondents have interrogated Petitioner Al-Siba'i on numerous occasions and are well aware of the factual bases that allegedly support his continued imprisonment. Respondents have acknowledged that the Department of Defense completed so-called "military tribunal" hearings at which each detainee's "enemy combatant" status and their detention generally were reviewed. *See* "U.S. Says 3 at Guantánamo Not Enemy Combatants*,*" *Reuters*, Feb. 3, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before [Judge] Green ruled" on January 31, 2005, Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as saying. Thus, according to Borgquist, "It's a matter of processing the paperwork now because the tribunals have all occurred.").

Because the Government already has had years to evaluate the "enemy combatant" status of Petitioner Al-Siba'i and to review evidence relating to Respondents' determinations, and because Petitioner continues to be held, Respondents should not need more time to provide the factual basis for their decision to detain Petitioner.

6

## **CONCLUSION**

For all of the foregoing reasons, Petitioner Abdul-Hadi Muhammad Al-Siba'i, together with his Next Friend Abdullah Muhammad Al-Siba'i, respectfully request that this Court issue an order to show cause, returnable by Respondents within 30 days or on a date certain within a reasonable time after issuance of the order.

Respectfully submitted,

| | |
|---|---|
| ___/s/ Daniel Mach_____ | Dated: November 21, 2005 |
| One of the Attorneys for Petitioner | |
| | |
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C.  20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |
| JENNER & BLOCK LLP | |
| One IBM Plaza | |
| Chicago, IL  60611 | |
| Tel: (312) 923-9350 | |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

# CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the Motion for an Order to Show Cause, Petitioner's Memorandum of Law in Support of Motion for an Order to Show Cause, and the Draft Order to Show Cause were served upon the following person by e-mail on the 21st day of November, 2005, and by First Class U.S. Mail on the 21st day of November, 2005:

> Preeya M. Noronha
> Trial Attorney
> Civil Division
> Federal Programs Branch
> 20 Massachusetts Ave., NW
> Washington, DC  20530
> email: preeya.noronha@usdoj.gov

>>> _____/s/ Daniel Mach_____
>>> Daniel Mach