IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL-HADI MUHAMMAD AL-SIBA'I, by and through his next friend, ABDULLAH MUHAMMAD AL-SIBA'I,[1] )<br><br>Petitioners, )<br><br>v. )<br><br>GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER, )<br><br>Respondents. ) | No. 1:05 CV 01667 (RBW) |

## MOTION FOR ORDER REGARDING NOTICE OF TRANSFER

As a condition to granting Respondents' Motion for a Stay, Petitioner Abdul-Hadi Muhammad Al-Siba'i ("Petitioner"), together with his Next Friend Abdullah Muhammad Al-Siba'i, by their counsel, respectfully move for an order requiring Respondents to provide notice of any transfer of Petitioner from Guantánamo to a foreign country. We fully appreciate that in *Almurbati v. Bush*, 366 F. Supp. 2d 72, 73 (D.D.C. 2005), Your Honor denied a motion for 30 days' advance notice. We ask that, here, you consider this request in the context of the Respondents' motion for a stay but, in the alternative, we ask that the Court require Respondents to provide the Court, consistent with *Almurbati*, with a declaration advising the Court of any transfer of this Petitioner and certifying that any such transfer or repatriation was not made for the purpose of merely continuing the petitioner's detention on behalf of the United States or for

---

[1] Petitioners' names were previously misspelled "Abdalhadi M. Al-Sopai" and "Abdullah M. Al-Sopai," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed an unopposed motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

the purpose of extinguishing this Court's jurisdiction over the Petitioner's actions for habeas relief for a reason unrelated to the decision that the petitioner's detention is no longer warranted by the United States. In support of this motion, Petitioner submits the accompanying memorandum of law and states as follows:

1. Petitioner is a Saudi citizen who, on information and belief, has been held unlawfully and virtually incommunicado in Respondents' custody and control for approximately four years. If Petitioner were transferred from Guantánamo to a foreign country, Petitioner could be detained indefinitely or tortured. In addition, such a transfer could deprive this Court of jurisdiction over Petitioner's *habeas* claims.

2. Counsel for Petitioner represent three other Petitioners in cases pending before Judges Huvelle, Kessler and Roberts in this District. In each of those cases the Petitioners are requesting entry of an order requiring Respondents to provide 30 days' advance notice to the Court and counsel of any removal or repatriation of the Petitioners. Although Your Honor has denied this relief in *Almurbati* and other cases, this relief has been granted by six judges in 25 similar cases in this District. This notice would permit counsel to contest such removal and act to preserve the status quo between the parties pending a final adjudication on the merits.

3. Respondents have moved to stay these proceedings pending the decision of the United States Court of Appeals for the District of Columbia Circuit in *In re Guantánamo Bay Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush, Boumediene v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005).

4. Respectfully, we believe that – as a condition of granting Respondents' motion to stay these proceedings – Respondents should be required to give the Court and counsel advance notice before transferring Petitioner to a foreign country. We request that relief here solely to

2

preserve the issue of Petitioner's entitlement to that notice.  In the event this relief is denied, Petitioner requests, in the alternative, that this Court grant the same relief that was entered in *Almurbati*.

5. In accordance with LCvR 7(m), Petitioner's counsel conferred with Respondents' counsel, both orally and in writing, regarding this motion.  Respondents' counsel declined to agree to the relief requested in the motion even though this Court ordered the relief in *Almurbati*. In addition, Petitioner's counsel asked Respondents' counsel whether Respondents intended to transfer Petitioner to a foreign country.  Respondents' counsel declined to answer this question. (*See* Exhibit F to accompanying memorandum of law.)

For these reasons, as more fully explained in the accompanying memorandum of law, the Court should condition the stay requested by Respondents on requiring Respondents to provide 30 days' advance notice of any transfer of Petitioner or, in the alternative, on requiring Respondents to file the declaration ordered by this Court in *Almurbati* with respect to Petitioner.

Respectfully submitted,

___/s/Daniel Mach_____          Dated:  November 21, 2005
One of the Attorneys  for Petitioner

| | |
|---|---|
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C.  20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |
| JENNER & BLOCK LLP | |
| One IBM Plaza | |
| Chicago, IL  60611 | |
| Tel: (312) 923-9350 | |
| Fax: (312) 527-0484 | |

CHICAGO_1339319_5

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the Motion for Order Regarding Notice of Transfer, the supporting memorandum of law, and the Draft Order Regarding Notice of Transfer were served upon the following person by e-mail on the 21st day of November, 2005, and by First Class U.S. Mail on the 21st day of November, 2005:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

_____/s/ Daniel Mach_____
Daniel Mach