IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL-HADI MUHAMMAD AL-SIBA'I, by and through his next friend, ABDULLAH MUHAMMAD AL-SIBA'I,[1]           )<br>)<br>)<br>)<br>Petitioners,    )<br>)<br>v.                          )<br>)<br>GEORGE W. BUSH, DONALD RUMSFELD,   )<br>ARMY BRIG. GEN. JAY HOOD, and ARMY COL.   )<br>MIKE BUMGARNER,           )<br>)<br>Respondents.    ) | No. 1:05 CV 01667 (RBW) |

PETITIONER'S LIMITED OPPOSITION TO
RESPONDENTS' MOTION TO STAY PROCEEDINGS

Petitioner Abdul-Hadi Muhammad Al-Siba'i ("Petitioner"), together with his Next Friend Abdullah Muhammad Al-Siba'i, by their counsel, agree to the stay requested by Respondents, but respectfully request that any stay of proceedings be conditioned upon Respondents' (1) providing a factual return within 30 days or some other reasonable time, and (2) in the event of Petitioner's transfer from Guantánamo, at a minimum, providing this Court with a declaration similar to the one ordered by this Court in *Almurbati v. Bush*, 366 F. Supp. 2d 72, 73 (D.D.C. Apr. 14, 2005). Petitioner requests this relief in two motions filed concurrently with this memorandum: the Motion for an Order to Show Cause (the "Factual Return Motion"); and the Motion for Order Regarding Notice of Transfer (the "Transfer Motion").

---

[1] Petitioners' names were previously misspelled "Abdalhadi M. Al-Sopai" and "Abdullah M. Al-Sopai," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed an unopposed motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

CHICAGO_1339336_4

In an attempt to save the resources of the parties and this Court, and in accordance with LCvR 7(m), Petitioner's counsel conferred with Respondents' counsel regarding Respondents' Motion for a Stay and Petitioner's requests for a factual return and for notice of transfer. Respondents' counsel rejected these requests. These requests should be granted.

<u>First</u>, Petitioner requests that Respondents provide him with a factual return describing Respondents' basis for detaining Petitioner for approximately four years.[2] Petitioner filed and served his Petition for Writ of *Habeas Corpus* on August 22, 2005. To date, Respondents have not provided Petitioner with a factual return, even though the factual returns generally are based on the Combatant Status Review Tribunal proceedings, which apparently were completed for all Guantánamo detainees before January 31, 2005. *See* "U.S. Says 3 at Guantánamo Not Enemy Combatants," *Reuters*, Feb. 3, 2005 (quoting Pentagon spokesman Lt. Cmdr. Daryl Borgquist). In *Battayav v. Bush*, No. 05-714, at 5-6 (D.D.C. May 18, 2005), this Court granted Respondents' request for a stay of proceedings but ordered Respondents to produce factual returns within 120 days. As Judge Bates has said, the factual return is necessary because "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." *Al-Anazi v. Bush*, No. 05-345, 370 F. Supp. 2d 188, 199-200 (D.D.C. Apr. 21, 2005). As discussed in the Factual Return Motion and the accompanying memorandum of law, nine judges of this District in at least 26 detainee cases have already ordered Respondents to provide factual returns.

<u>Second</u>, as a condition of the stay, Petitioner believes it would be appropriate for Your Honor to order Respondents to provide 30 days' advance notice of Respondents' intent to

---

[2] At the time Respondents filed the stay motion, they had not yet confirmed that Petitioner was being detained at Guantánamo. Respondents' counsel notified Petitioner's counsel on November 14, 2005, that they could confirm Petitioner's detention at Guantánamo.

2

remove Petitioner from Guantánamo. Such a transfer could deprive this Court of jurisdiction over Petitioner's *habeas* claims. But, we fully realize that your Honor denied requests for advance notice of removal in *Almurbati* and other cases. We ask that Your Honor review this issue in the context of the Respondents' request to stay these proceedings and that, at the very least, if the Respondents decide to remove Petitioner from Guantánamo Bay, Your Honor require the Respondents to file with the Court a declaration similar to the one ordered in *Almurbati*.

In addition to the foregoing requests, Petitioner's counsel represent to this Court that counsel has communicated with Respondents' counsel about the necessity of seeking a document preservation order. We are not seeking such an order in reliance on this Court's order in *Battayav*, No. 05-714 (May 18, 2005), the Respondents' acknowledgment in other cases that they are bound to preserve documents, and the order in *Al-Marri v. Bush*, No. 04-2035, at 1-2 (D.D.C. Mar. 7, 2005).

Petitioner also requests that any stay order permit him to seek emergency relief from the Court in appropriate circumstances, such as when Petitioner has reason to believe he is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this Court, or when issues arise relating to counsel's access to Petitioner or the designation of documents or information as classified. *See Abdullah v. Bush*, 2005 U.S. Dist. LEXIS 21283, at *3-4 (D.D.C. Mar. 16, 2005) (Roberts, J.). Respondents' Motion to Stay Proceedings (at page 3) states that Respondents "do not intend . . . to block counsel access to" their clients or to preclude future challenges to the terms of the protective orders governing the procedures for counsel's access to detainees and the handling of classified documents in this case.

CHICAGO_1339336_4

"Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties." *Al-Oshan v. Bush*, No. 05-520 (RWR), at 2 (D.D.C. Mar. 31, 2005). In this case, the Court should condition the stay of proceedings on Respondents' compliance with the requests described above. As Judge Roberts has explained,

> A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties . . . . A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit . . . has been stayed pending appeal . . . . Where, as here, the condition [*i.e.*, advance notice of transfer] imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion.

*Ahmed v. Bush*, 2005 U.S. Dist. LEXIS 14024, at *2-3 (D.D.C. July 8, 2005) (citations omitted). In this case, complying with Petitioner's requests would be neither burdensome nor unexpected, and such compliance is necessary in order to preserve the status quo and protect Petitioner from prejudice during the pendency of the related appeals. Imposition of these conditions also would assure that this Petitioner is treated on an equal basis with other petitioners who have obtained the requested relief.

Petitioner also agrees to Respondents' request that the Court enter in this case three orders entered in *In re Guantánamo Bay Detainee Cases*, No. 02-0299, *et al.*: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004; (2) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004; and (3) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (the "Procedural Orders," attached as Exhibits A, B, and C to Respondents' Motion to Stay Proceedings).

For all the reasons set forth above and in the Factual Return Motion and the Transfer Motion, Petitioner respectfully asks the Court to order, as a condition of the stay requested by Respondents, that Respondents:

(a)   File and serve a factual return within 30 days or some other reasonable time after the stay is ordered;

(b)   At the very least, if the Respondents decide to remove Petitioner from Guantánamo Bay, the Respondents file with the Court a declaration similar to the one ordered by Your Honor in *Almurbati*.

Petitioner further requests that the Court (a) enter the Procedural Orders in this case, and (b) clarify that the stay of proceedings will not prevent Petitioner from seeking emergency relief from the Court in appropriate circumstances, such as when Petitioner has reason to believe that he is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this Court, or when issues arise relating to counsel's access to Petitioner or the designation of documents or information as classified.

Respectfully submitted,

\_\_\_\_/s/ Daniel Mach_____          Dated:  November 21, 2005
One of the Attorneys  for Petitioner

| | |
|---|---|
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C.  20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |
| JENNER & BLOCK LLP | |
| One IBM Plaza | |
| Chicago, IL  60611 | |
| Tel: (312) 923-9350 | |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

# CERTIFICATE OF SERVICE

    I hereby certify that true and correct copies of the Petitioner's Limited Opposition to Respondents' Motion to Stay Proceedings and the Draft Order Granting Stay of Proceedings were served upon the following person by e-mail on the 21st day of November, 2005, and by First Class U.S. Mail on the 21st day of November, 2005:

        Preeya M. Noronha
        Trial Attorney
        Civil Division
        Federal Programs Branch
        20 Massachusetts Ave., NW
        Washington, DC  20530
        email: preeya.noronha@usdoj.gov

                              _____/s/ Daniel Mach_____
                                     Daniel Mach