IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL-HADI MUHAMMAD AL-SIBA'I, by and through his next friend, ABDULLAH MUHAMMAD AL-SIBA'I,[1] <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER, <br><br> Respondents. | ) ) ) ) ) ) ) ) No. 1:05 CV 01667 (RBW) ) ) ) ) ) ) |

**PETITIONERS' REPLY BRIEF IN SUPPORT OF MOTION
FOR ORDER REQUIRING RESPONDENTS TO PROVIDE THE
COURT AND COUNSEL FOR PETITIONERS WITH 30 DAYS' ADVANCE
NOTICE OF ANY REMOVAL OF PETITIONER FROM GUANTÁNAMO**

**INTRODUCTION**

As a condition of this Court granting the Respondents' pending motion to stay this litigation, Petitioner Abdul-Hadi Muhammad Al-Siba'i ("Petitioner"), by his counsel, respectfully seeks an order granting 30 days' advance notice of any removal of Petitioner from Guantánamo Bay Naval Base in Cuba or, at a minimum, requiring Respondents to provide the Court with the declaration Your Honor ordered in *Almurbati v. Bush*, 366 F. Supp. 2d 72 (D.D.C. Apr. 14, 2005). By this motion we are not asking for any restraints on the government. Notice of transfer is a reasonable condition to impose on the Respondents' pending request that these proceedings be stayed, and notice will protect this Court's jurisdiction to hear this important case. At the time Petitioner filed his motion, this identical relief had been granted by six judges

---

[1] Petitioners' names were previously misspelled "Abdalhadi M. Al-Sopai" and "Abdullah M. Al-Sopai," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed an unopposed motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

in 25 other Guantánamo detainee cases pending in this District. *See* Petitioner's Memorandum in Support of Motion for Order Regarding Notice of Transfer ("Petr. Br.") at 7. Just days ago, Judge Kessler granted this relief in *Ali Ahmed v. Bush*, No. 05-1678 (Dec. 7, 2005), another Guantánamo detainee case. (Attached as Exhibit A). While Your Honor has denied requests for advance notice of removal in *Almurbati* and other cases, we respectfully submit that Your Honor has the inherent authority to require notice of removal as a condition of the grant of a stay. At the minimum, we request that Respondents be required to file the declaration ordered in *Almurbati*.

Public reports demonstrate that Respondents have removed other detainees from Guantánamo to foreign territories, including a number of detainees transferred to Saudi Arabia who were immediately imprisoned by the Saudi government. By Respondents' own admission, they have transferred 76 detainees who were <u>not</u> released upon transfer. Resp. Br. at 4 n.5. Respondents have announced that they intend to transfer other detainees, (*see* Petr. Br., Ex. A), but they have refused to identify these transferees or to state whether they intend to transfer this Petitioner to Saudi Arabia or some other foreign government. Petitioners request advance notice to give counsel the opportunity, if warranted, to contest any such removal from Guantánamo and to preserve the jurisdiction of the Court in this important matter.

## ARGUMENT AND CITATION OF AUTHORITIES

**I. Petitioners Request a Reasonable Condition to a Stay of the Proceedings**

Petitioners recognized in our motion and opening memorandum that Your Honor has denied preliminary injunctions seeking advance notice of transfer in *Almurbati* and other cases. Petitioners reiterate that we are not asking Your Honor for a preliminary injunction. Rather, Petitioners respectfully request that Your Honor revisit the issue of advance notice of transfer and order notice as a reasonable condition to Respondents' request for a stay of the proceedings.

2

Several judges within this District have granted this relief to detainees as a condition of staying the proceedings.

Judge Richard Roberts, in *El-Banna v. Bush*, No. 04-1144 (Apr. 8, 2005), noted that "a court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal." *Id.* Judge Roberts explained that "where, as here, the condition imposed on the proponent of the stay is 'neither heavy nor unexpected,' imposing a protective condition is well within a court's discretion." *Id.*

Respondents do not address the possibility of granting the relief requested here as a condition of staying the proceedings, despite the fact that judges of this District in thirteen cases have embraced this rationale when granting this relief to other similarly situated petitioners. *Ali Ahmed*, No. 05-1678 (GK) (Dec. 7, 2005); *Ahmed v. Bush*, 2005 U.S. Dist. LEXIS 14024 (RWR) (July 8, 2005); *Amir v. Bush*, No. 05-1724 (RMU) (Oct. 5, 2005); *Al Daini v. Bush*, No. 05-634 (RWR) (June 6, 2005); *Adem v. Bush*, No. 05-0723 (RWR) (June 6, 2005); *El-Banna*, No. 04-1144 (Apr. 8, 2005); *Abdullah v. Bush*, No. 04-23 (RWR) (Apr. 8, 2005); *Al Rashaidan v. Bush*, No. 05-586 (RWR) (Apr. 8, 2005); *Hatim v. Bush*, No. 05-1429 (RMU) (Aug. 22, 2005); *Al-Hela v. Bush*, No. 05-1048 (RMU) (June 3, 2005); *Tumani v. Bush*, No. 05-526 (RMU) (Apr. 6, 2005); *Qayed v. Bush*, No. 05-454 (RMU) (Apr. 6, 2005); and *Al-Oshan v. Bush*, No. 05-520 (RMU) (Mar. 31, 2005).[2]

Petitioners therefore request that 30 days' notice of transfer be required as a condition of granting the Respondents' motion to stay these proceedings. Should Your Honor decide against granting such notice, Petitioners respectfully request that your Honor require Respondents to

---

[2] As noted in Petr. Br. at 6, to the best of our knowledge, four Judges in this District have denied requests for notice.

make a declaration like that required in *Almurbati*. In an effort to avoid wasting this Court's time and resources, Petitioners had asked Respondents to agree to such a declaration, but Respondents declined.

## II. Respondents' Separation of Powers' Concerns are Unwarranted

Respondents claim that separation of powers considerations would bar granting advance notice as such relief would constitute judicial involvement in transfer or repatriation decisions with respect to enemy combatants held abroad. Resp. Br. at 17. It is important to note that it is not clear at all that granting *this* motion will ever prevent any transfer the Government wishes to effect. Indeed, Petitioner may never even try to prevent any future transfer. All that is sought here is the modest relief of 30 days' advance notice of the Government's intent to transfer the Petitioner. If that motion is granted and the Government provides such notice, Petitioners may well decide not to challenge the Government's proposed transfer.[3] Alternatively, if the motion is granted, the Government may decide not to render Petitioner into another country's detention. Thus, the Respondents' dire warnings of judicial interference in foreign policy decisions of the Executive Branch, and separation of powers concerns are premature, to say the least, at this stage.

The limited relief Petitioners' motion seeks is quite modest. In *el-Mashad, et al. v. Bush, et al.*, No. 05-0270 (JR) (Feb. 14, 2005), for example, Respondents stated in their pleadings that at least six weeks would elapse between any decision to transfer a detainee and the actual transfer. *See id.* at 2. Under such circumstances, this Court has the authority to preserve its jurisdiction by ordering Respondents to simply give notice of a decision already made, during this interim period, before the transfer is carried out. The requested relief is similar to the

---

[3] Indeed, if Mr. Waxman's statement about how most of the rendered detainees have since been released by foreign governments is correct, *see* Resp. Br. Exhibit A at ¶ 5, one can expect that the 30-day notice will *not* lead to a transfer challenge – unless there is a true risk of torture.

requirement ordered by Judge Green in *Habib v. Bush*, No. 02-1130 (Nov. 29, 2004) (denying TRO without prejudice, but noting that "[s]hould there be any chance that the circumstances upon which the Application was based will in fact arise, counsel for respondents shall provide counsel for petitioner at least five business days of advanced notice, which should be sufficient time to allow counsel for petitioner to renew the Application.").

## **CONCLUSION**

For the foregoing reasons, in ruling on the Respondents' pending motion for a stay of these proceedings, Petitioners respectfully request that this Court order Respondents to provide 30 days' notice to the Court and counsel of any transfer of Petitioner out of the facility at Guantánamo Bay.

Respectfully submitted,

| | |
|---|---|
| ___/s/ Daniel Mach_____ | Dated: December_9_, 2005 |
| One of the Attorneys for Petitioner | |

Thomas P. Sullivan  
Jeffrey D. Colman  
David J. Bradford  
Patricia A. Bronte  
Wade A. Thomson  
Maya D. Nath  
JENNER & BLOCK LLP  
One IBM Plaza  
Chicago, IL  60611  
Tel: (312) 923-9350  
Fax: (312) 527-0484  

*Of Counsel*  
Barbara Olshansky (BO3635)  
Tina Monshipour Foster (TF5556)  
Gitanjali S. Gutierrez (GG1234)  
Center for Constitutional Rights  
666 Broadway, 7th Floor  
New York, New York 10012  
Tel: (212) 614-6464  
Fax: (212) 614-6499  

Daniel Mach (Admitted in D.D.C.)  
JENNER & BLOCK LLP  
601 Thirteenth Street, N.W., Suite 1200  
Washington, D.C.  20005-3823  
Tel: (202) 639-6000  
Fax: (202) 639-6066

**CERTIFICATE OF SERVICE**

     I hereby certify that true and correct copies of the Reply Brief in Support of the Motion for an Order Requiring Respondents to Provide the Court and Counsel for Petitioners with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo was served upon the following person by e-mail and by First Class U.S. Mail on the 9th day of December, 2005:

        Preeya M. Noronha
        Trial Attorney
        Civil Division
        Federal Programs Branch
        20 Massachusetts Ave., NW
        Washington, DC  20530
        email: preeya.noronha@usdoj.gov

                          _____/s/ Daniel Mach_____
                                  Daniel Mach